Argued April 22, decided April 29, 1913.

## LOVELACE v. DWYER.

(131 Pac. 1028.)

**Mortgages—Foreclosure—Burden of Proof.**
  The burden of proof was upon defendant, in an action to foreclose a mortgage, to prove an alleged agreement to extend the time upon a secured note, and that additional interest was paid and accepted pursuant to such agreement.

From Clackamas: JAMES U. CAMPBELL, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is a suit by J. F. Lovelace against Alexander Meyer, C. O'Donovan and Katherine M. Dwyer to foreclose a mortgage given to secure a promissory note for $1,250, with interest at 6 per cent per annum.

Katherine Dwyer answered, setting up as a defense that before the note became due she agreed with plaintiff that the time of payment should be extended for one year upon the payment of 2 per cent additional interest, which she alleged she had made.

This was denied in the reply. The plaintiff was granted a decree, and defendant Katherine Dwyer appeals.                                        AFFIRMED.

Submitted on briefs under the proviso of Rule 18 of the Supreme Court, 56 Or. 622, 117 Pac. xi.

For appellant there was a brief over the names of *Messrs. Christopherson & Matthews.*

For respondent there was a brief and an oral argument by *E. W. Bartlett.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

The burden of proof was upon the defendant to prove that the agreement to extend the time upon the

65 Or.—8

defendant's note was in fact made, and that the additional interest was in fact paid and accepted in pursuance to such agreement.  This we do not believe she has established by the preponderance of the evidence.  The court below, which heard the testimony. and saw the witnesses, and therefore had a better opportunity than we have to judge of their credibility, was of the same opinion.  It is unnecessary to discuss the evidence in detail, as it would only consume space in the reports and be of interest to no one.  Plaintiff's counsel insists on an increased allowance for attorneys' fees because of this appeal; but there is no sufficient *datum* in the testimony transmitted here upon which to base such an allowance.

The decree will be affirmed.                AFFIRMED.